**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JUANITA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:24-cv-00098-DGK |
| | ) | |
| OLIN WINCHESTER, LLC, | ) | |
| OLIN CORPORATION, AND | ) | |
| WINCHESTER AMMUNITION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUGGESTIONS IN SUPPORT OF
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Dated: March 22, 2024

Beth Herrington (MO Bar No. 48975)
Stephanie L. Sweitzer (admitted *pro hac vice*)
Hannah Fisher (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: 312.324.1000
F: 312.324.1001
beth.herrington@morganlewis.com
stephanie.sweitzer@morganlewis.com
hannah.fisher@morganlewis.com

Anna Perocchi (*pro hac vice* anticipated)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street, Floor 16
Boston, MA 02110
T: 617.341.7700
F: 617.341.7701
anna.perocchi@morganlewis.com

*Attorneys for Defendants*

<u>**TABLE OF CONTENTS**</u>

**Page**

INTRODUCTION ................................................................................................. 1

STATEMENT OF ALLEGED FACTS ................................................................ 1

LEGAL STANDARD ......................................................................................... 4

ARGUMENT ...................................................................................................... 4

     I.     The Petition Does Not Comply With Rule 8(a)(2). ............................... 4

     II.    Plaintiff Failed to Exhaust Claims Not Timely Raised in Her EEOC
           Charge. ................................................................................................. 6

           A.     Plaintiff Failed to Exhaust Her Administrative Remedies for Her
                   Claims of Race Discrimination, Hostile Work Environment, and
                   Retaliation. ........................................................................... 8

           B.     Plaintiff Failed to Exhaust Claims Based on Her Alleged
                   Discontinuation of Benefits and Her Termination. ................... 9

           C.     Plaintiff's Failure-to-Accommodate Claim Is Unsupported by Any
                   Properly Exhausted Allegations. .............................................. 10

     III.    Plaintiff Fails to Plausibly State a Claim for Discrimination Based on Age
           or Disability. ...................................................................................... 11

     IV.    Granting Leave to Amend Would Be Futile. ....................................... 14

CONCLUSION ................................................................................................. 15

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abney v. Missouri*,
   No. 05-04279-CV-C-NKL, 2006 WL 2708673 (W.D. Mo. Sept. 20, 2006)
   (Laughrey, J.) ........................................................................................................................11

*Alhalabi v. Mo. Dep't of Nat. Res.*,
   300 S.W.3d 518 (Mo. Ct. App. 2009) .....................................................................................7

*Anderson v. Durham D & M, L.L.C.*,
   606 F.3d 513 (8th Cir. 2010) .................................................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................................1, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................4

*Blakley v. Schlumberger Tech. Corp.*,
   648 F.3d 921 (8th Cir. 2011) ..................................................................................................8

*Bonenberger v. St. Louis Metro. Police Dep't*,
   810 F.3d 1103 (8th Cir. 2016) ...............................................................................................12

*Boston v. Trialcard Inc.*,
   No. 21-00058-CV-W-BP, 2021 WL 5513997 (W.D. Mo. June 4, 2021)
   (Phillips, C.J.) ........................................................................................................5, 10, 12, 14

*Clark v. Runyon*,
   218 F.3d 915 (8th Cir. 2000) .................................................................................................14

*Dick v. Dickinson State Univ.*,
   826 F.3d 1054 (8th Cir. 2016) ...............................................................................................11

*Duncan v. Delta Consol. Indus., Inc.*,
   371 F.3d 1020 (8th Cir. 2004), *abrogated on other grounds by Torgerson v.
   City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) ...................................................................7

*Evance v. Trumann Health Servs., LLC*,
   719 F.3d 673 (8th Cir. 2013) .................................................................................................13

*Fromm v. Delta Air Lines, Inc.*,
   No. 18-CV-3197, 2019 WL 4889924 (D. Minn. Aug. 26, 2019) ...........................................14

*Gallagher v. City of Clayton*,
    699 F.3d 1013 (8th Cir. 2012) ................................................................4

*Garrison v. Dolgencorp, LLC*,
    939 F.3d 937 (8th Cir. 2019) ................................................................10

*Gilard-Jones v. Dierbergs Brentwood Pointe*,
    No. 4:23-CV-1426 JSD, 2023 WL 8647517 (E.D. Mo. Dec. 14, 2023) ..................4

*Gurman v. Metro Hous. & Redev. Auth.*,
    842 F. Supp. 2d 1151 (D. Minn. 2011) ................................................................5

*Hager v. Ark. Dep't of Health*,
    735 F.3d 1009 (8th Cir. 2013) ................................................................14

*Harvey v. Anheuser–Busch, Inc.*,
    38 F.3d 968 (8th Cir. 1994) ................................................................13

*Henson v. Union Pac. R.R. Co.*,
    3 F.4th 1075 (8th Cir. 2021) ................................................................7

*Heuton v. Ford Motor Co.*,
    930 F.3d 1015 (8th Cir. 2019) ................................................................12

*Hutson v. Wells Dairy, Inc.*,
    578 F.3d 823 (8th Cir. 2009) ................................................................9

*Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*,
    728 F.3d 800 (8th Cir. 2013) ................................................................12

*Jackson v. Hennepin Healthcare Sys., Inc.*,
    No. CV 23-2296, 2024 WL 841271 (D. Minn. Feb. 28, 2024) ................................................................9

*Jackson v. Minn. Dep't of Hum. Servs.*,
    No. 20-CV-749, 2021 WL 1111075 (D. Minn. Mar. 23, 2021) ................................................................6

*Johnson v. Midwest Div. - RBH, LLC*,
    88 F.4th 731 (8th Cir. 2023) ................................................................12

*Jones v. City of St. Louis*,
    825 F.3d 476 (8th Cir. 2016) ................................................................6, 12

*Kallail v. Alliant Energy Corp. Servs., Inc.*,
    691 F.3d 925 (8th Cir. 2012) (ADA) ................................................................12

*Kelley v. Iowa State Univ. of Sci. & Tech.*,
    311 F. Supp. 3d 1051 (S.D. Iowa 2018) ................................................................14

*Lampley v. Mo. Comm'n on Hum. Rts.*,
570 S.W.3d 16 (Mo. 2019) (en banc) .......................................................................6

*Larson v. Jesson*,
No. CV 11-2247, 2018 WL 3352926 (D. Minn. July 9, 2018)................................6

*Loos v. Napolitano*,
665 F. Supp. 2d 1054 (D. Neb. 2009) ....................................................................12

*Madearis v. Sandberg, Phoenix & Von Gontard, P.C.*,
No. 4:19-CV-00865-DGK, 2020 WL 13682446 (W.D. Mo. Mar. 18, 2020)
(Kays, J.)..................................................................................................................11

*Mathews v. Wal-Mart Assocs., Inc.*,
No. 2:20-CV-04033-NKL, 2020 WL 2332141 (W.D. Mo. May 11, 2020)
(Laughrey, J.)...........................................................................................................13

*Mayes v. Reuter*,
No. 4:17 CV 2905 CDP, 2018 WL 2267905 (E.D. Mo. May 17, 2018) .................9

*Meinen v. Bi-State Dev. Agency*,
No. 4:22-CV-00620-JAR, 2023 WL 156857 (E.D. Mo. Jan. 11, 2023)................13

*Moses v. Dassault Falcon Jet-Wilmington Corp.*,
894 F.3d 911 (8th Cir. 2018) (ADA and ADEA) ...............................................6, 9

*Nat'l R.R. Passenger Corp. v. Morgan*,
536 U.S. 101 .............................................................................................................7

*Nedeltchev v. Sheraton St. Louis City Ctr. Hotel & Suites*,
335 F. App'x 656 (8th Cir. 2009) ..........................................................................14

*Norman v. Cent. Tr. Bank Inc.*,
No. 6:19-03295-CV-RK, 2019 WL 5847845 (W.D. Mo. Nov. 7, 2019)
(Ketchmark, J.).......................................................................................................5, 6

*Nwinee v. St. Louis Dev. Disabilities Treatment Ctrs.*,
No. 4:18 CV 1460 (JMB), 2021 WL 65046 (E.D. Mo. Jan. 7, 2021), *aff'd sub
nom. Nwinee v. Bellefontaine Habilitation Ctr.*, 857 F. App'x 890 (8th Cir.
2021) .........................................................................................................................8

*Parisi v. Boeing Co.*,
400 F.3d 583 (8th Cir. 2005) ..................................................................................10

*Peyton v. Fred's Stores of Ark., Inc.*,
561 F.3d 900 (8th Cir. 2009) ..................................................................................10

*Popoalii v. Corr. Med. Servs.*,
  512 F.3d 488 (8th Cir. 2008) ...................................................................................15

*R & K Lombard Pharmacy Corp. v. Med. Shoppe Int'l*,
  No. 4:07-CV-288 (CEJ), 2008 WL 648506 (E.D. Mo. Mar. 5, 2008).......................5

*Reed v. St. Louis Pub. Sch. Bd. of Educ.*,
  No. 4:23-CV-01039-SPM, 2024 WL 165895 (E.D. Mo. Jan. 16, 2024)...................8

*Richter v. Advance Auto Parts, Inc.*,
  686 F.3d 847 (8th Cir. 2012) ..................................................................................6, 7

*Roe v. Nebraska*,
  861 F.3d 785 (8th Cir. 2017) ......................................................................................4

*Slayden v. Ctr. for Behav. Med.*,
  53 F.4th 464 (8th Cir. 2022) .......................................................................................8

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506 (2002).....................................................................................................4

*Tyler v. Univ. of Ark. Bd. of Trs.*,
  628 F.3d 980 (8th Cir. 2011) ......................................................................................8

*Walker v. Concordia Cap.*,
  No. 1:18-CV-00703, 2019 WL 1410363 (W.D. La. Feb. 27, 2019)........................10

*Wallin v. Minn. Dep't of Corr.*,
  153 F.3d 681 (8th Cir. 1998) ......................................................................................8

*Wedow v. City of Kansas City*,
  442 F.3d 661 (8th Cir. 2006) ......................................................................................7

*Wilkes v. Blinken*,
  No. 4:21-CV-01148-SRC, 2022 WL 1288402 (E.D. Mo. Apr. 29, 2022) ................2

*Williams v. Little Rock Mun. Water Works*,
  21 F.3d 218 (8th Cir. 1994) ..................................................................................7, 14

*Willis v. McDonough*,
  No. 4:21-CV-01029-AGF, 2023 WL 2891180 (E.D. Mo. Apr. 11, 2023)..............15

*Wright v. C.K.S. Packaging, Inc.*,
  No. 23-CV-00130-SRB, 2023 WL 2935009 (W.D. Mo. Apr. 13, 2023)
  (Bough, J.)....................................................................................................................7

*Young v. Wells Fargo & Co.*,
  671 F. Supp. 2d 1006 (S.D. Iowa 2009) .....................................................................5

## Statutes

29 U.S.C. § 626(d)(1)(A) ..................................................................................................7

42 U.S.C. 2000e-5(e)(1) ...................................................................................................7

42 U.S.C. § 2000e-2(a)(1) ..............................................................................................11

42 U.S.C. § 12117(a) ........................................................................................................7

Age Discrimination in Employment Act of 1967 ..............................................................1

Americans with Disabilities Act of 1990 ....................................................................1, 12

Civil Rights Act of 1964 Title VII ....................................................................................1

Missouri Human Rights Act .......................................................................................*passim*

Mo. Ann. Stat. § 213.075.1 ...........................................................................................6, 8

Title VII ...............................................................................................................11, 12, 15

## Other Authorities

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* §
1487 (1991) ..............................................................................................................14

Federal Rule of Civil Procedure 8 .....................................................................................5

Federal Rule of Civil Procedure 8(a)(2) ............................................................................4

Federal Rule of Civil Procedure 12(b)(6) ......................................................................4, 6

Federal Rule of Civil Procedure 15(a)(2) ........................................................................14

*R. & R. adopted*, No. 1:18-CV-00703 ............................................................................10

*R. & R. adopted*, No. 18-CV-3197...................................................................................14

U.S. Army, Joint Munitions Command,
https://www.jmc.army.mil/Installations.aspx?id=LakeCity (last updated Dec.
1, 2023) ......................................................................................................................2

# INTRODUCTION

Plaintiff Juanita Jones was an employee of Defendant Olin Winchester, LLC ("Olin Winchester")[1] for approximately eighteen months after the Company assumed operations of the facility where she worked. For almost all of that time, Plaintiff was authorized to use intermittent leave or was on extended leave of absence to accommodate various reported health concerns. *See* Pl.'s Pet., Dkt. 1-1 at 6, ¶¶ 44-46, 49-50, 55-56, 58-60. Plaintiff nevertheless contends she was treated unfairly, and the Petition asserts a variety of violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and the Missouri Human Rights Act ("MHRA")—the majority of which never appeared in her underlying Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Beyond the fact that Plaintiff failed to administratively exhaust most of her present claims, as she was required to do before initiating this lawsuit, the Petition fails to sufficiently explain the factual basis for any of her theories. Instead, Plaintiff throws a litany of claims at the wall in hopes that one will stick. These "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## STATEMENT OF ALLEGED FACTS[2]

Plaintiff worked for Olin Winchester at the Lake City Army Ammunition Plant ("LCAAP"). *See* Pet. ¶¶ 39-42; *id.* Ex. A, Am. Charge Discrimination (Dkt. 1-1 at 20). When

---

[1] Plaintiff appears to allege she was jointly employed by all three Defendants. *See* Pet. ¶ 20 (noting all allegations are made against Defendants collectively). First, Plaintiff named only Olin Winchester in her administrative Charge. Additionally, the Petition is devoid of any factual support for Plaintiff's contention. *See id.* ¶¶ 3-19 (offering "threadbare recitals" of legal principles purportedly relating to employer status, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants dispute that Plaintiff has properly lodged her claims against all three entities, but are not moving to dismiss on this basis at this time and reserve their rights with respect to future defenses.

[2] Defendant accepts Plaintiff's allegations in the Petition as true for purposes of this Motion only.

Olin Winchester assumed operation of LCAAP from Plaintiff's previous employer,[3] it assigned Plaintiff to a "Production Support B" role, where the duties required some lifting. Pet. ¶¶ 42, 44. Plaintiff requested accommodations, at first related to the lifting requirements, and later for other, non-work-related medical issues. *See, e.g.*, Pet. ¶¶ 58-60 (describing leave taken for injuries resulting from an accident outside of work). The Petition acknowledges Olin Winchester accommodated Plaintiff repeatedly. *See* Pet. ¶¶ 49-50 (approving request for intermittent leave for six months); ¶¶ 55-56 (transferring Plaintiff to a position that did not require lifting and extending intermittent leave an additional six months); ¶¶ 58-60, 68 (permitting Plaintiff to take an extended leave of absence from work for almost *another* six months).

Plaintiff nevertheless filed a Charge of Discrimination with the EEOC, cross-filed with the Missouri Commission on Human Rights ("MCHR"), based largely on disability-related concerns. *See id.* ¶¶ 24-25, 62; Dkt. 1-1 at 20. The Petition does not attach Plaintiff's original Charge, and Olin Winchester was never served with a copy,[4] but the amended Charge appears to be substantively similar (both hereinafter the "Charge," noting original or amended where relevant). *See* Dkt. 1-1 at 20 ("This is being amended to change the name of the Respondent to Olin Winchester, LLC from Lake City Army Ammunition Plant."). The Charge was succinct:

> In or around February 2021, I was denied a reasonable accommodation for my disability. In or about February 2021, I was written up for attendance that related

---

[3] LCAAP is a small-caliber ammunition manufacturing facility owned by the federal government and operated by private contracting entities under the oversight of the U.S. Army. *See Lake City Army Ammunition Plant*, U.S. Army, Joint Munitions Command, https://www.jmc.army.mil/Installations.aspx?id=LakeCity (last updated Dec. 1, 2023); *see* also *Wilkes v. Blinken*, No. 4:21-CV-01148-SRC, 2022 WL 1288402, at *1 (E.D. Mo. Apr. 29, 2022) (explaining "the Court may take judicial notice of government websites" in the context of evaluating a motion to dismiss (citing *Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016))). Olin Winchester did not acquire Plaintiff's prior employer, Northrop Grumman, but merely succeeded it as LCAAP's operator. *See* Pet. ¶ 42.

[4] Defendants accordingly reserve all rights to assert defenses relating to Plaintiff's original Charge, including but not limited to its timeliness, at a later date upon obtaining it.

to my disability. From in or around February 2021 to September 18, 2021, I was denied assignment opportunities to move to another job within the company. From in or around February 2021 to September 18, 2021, I was denied a reasonable accommodation unless I had my weight restriction lifted. I believe I have been discriminated against because of my age, 55, and disability.

*Id.* Plaintiff alleges she filed the original Charge "in or about December 2021." Pet. ¶ 24; *see also id.* ¶¶ 61-63. At that time, Plaintiff was on her requested leave of absence, and she did not return to work thereafter; Plaintiff still had not been medically cleared to return to work in March 2022, after almost six months of leave, and she indicated she would not be able to see her doctor for an additional number of weeks. *See* Pet. ¶¶ 67-69. After working to accommodate Plaintiff for more than a year, Olin Winchester ultimately terminated her employment. *See id.* ¶ 70.

Though Plaintiff amended the Charge several months later, it is devoid of any allegations related to events occurring after September 18, 2021, including her termination of employment. *See* Dkt. 1-1 at 2020 (signed July 18, 2022). She also never suggested she experienced discrimination based on her race, *compare id. with* Pet. ¶ 32, nor did she mention retaliation or a hostile work environment. *See generally* Dkt. 1-1 at 20. The EEOC and the MCHR both issued Right-to-Sue letters. *Id.* at 21-23.

Plaintiff filed her Petition in state court on December 19, 2023, and Defendants timely removed the action to this Court on February 9, 2024. Dkt. 1 ¶ 1. Plaintiff's claims in the Petition far exceed the scope of her Charge: she now asserts claims of (1) discrimination, hostile work environment, and retaliation due to her race, age, and disability arising under Title VII; (2) discrimination based on her age in violation of the ADEA; (3) disability discrimination and failure to accommodate under the ADA; and (4) discrimination, hostile work environment, and retaliation due to her race, age, and disability arising under the MHRA.

3

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, merely "conceivable" claims cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility if the pleading's factual content supports a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *id.* at 556).

When evaluating a motion to dismiss, the Court should accept all well-pleaded facts as true and draw all reasonable inferences in the non-movant's favor. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). By contrast, bare legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The Court may properly consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017) (internal citation and quotation marks omitted).

**ARGUMENT**

**I.      THE PETITION DOES NOT COMPLY WITH RULE 8(a)(2).**

Rule 8(a)(2) is clear: a pleading should be "short and plain," FED. R. CIV. P. 8(a)(2), and Plaintiff must support her legal conclusions with sufficient factual content to put Defendants on notice of the claims against them. *See Gilard-Jones v. Dierbergs Brentwood Pointe*, No. 4:23-CV-1426 JSD, 2023 WL 8647517, at *3 (E.D. Mo. Dec. 14, 2023) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Plaintiff does not do so here.

Instead, the Petition improperly styles its four counts to disguise no fewer than thirteen distinct legal claims, each lacking any factual specificity beyond rote incorporation of every

foregoing allegation. *See Boston v. Trialcard Inc.*, No. 21-00058-CV-W-BP, 2021 WL 5513997, at *2 n.1 (W.D. Mo. June 4, 2021) (Phillips, C.J.) (concluding plaintiff failed to state a harassment claim in part because "plaintiffs should generally place each of their legal theories into a separate Count to satisfy the pleading requirements of Federal Rule of Civil Procedure 8" (citing *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1016 (S.D. Iowa 2009) for the proposition that "shotgun pleading" involves counts that "wholly lack[ ] an application of the factual allegations to the numerous causes of action listed")).

This "kitchen-sink" approach to pleading leaves Defendants wholly in the dark as to which allegations Plaintiff intends to support the specific elements of her claims, and thus unfairly burdens Defendants with arguing Plaintiff's case for her to prepare an adequate defense. *See Norman v. Cent. Tr. Bank Inc.*, No. 6:19-03295-CV-RK, 2019 WL 5847845, at *3 (W.D. Mo. Nov. 7, 2019) (Ketchmark, J.) ("Under both Rule 8 and Rule 11, '[i]t is the plaintiffs' burden . . . to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them." (quoting *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011))); *R & K Lombard Pharmacy Corp. v. Med. Shoppe Int'l*, No. 4:07-CV-288 (CEJ), 2008 WL 648506, at *1-2 (E.D. Mo. Mar. 5, 2008) (concluding individual counts' incorporation of all general allegations by reference, "regardless of whether any of the allegations [were] material to the claim asserted," rendered the complaint so "vague and confusing," defendant could not "reasonably be expected to frame a responsive pleading"). Nor should the Court have to "pick through the mess and determine if plaintiff has pleaded a viable

claim." *Norman*, 2019 WL 5847845, at *3 (citing *Larson v. Jesson*, No. CV 11-2247 (PAM/LIB), 2018 WL 3352926, at *1 (D. Minn. July 9, 2018)).[5]

For this reason alone, the Petition should be dismissed. Nevertheless, Defendants herein offer a response to their best interpretation of Plaintiff's claims.

## II.     PLAINTIFF FAILED TO EXHAUST CLAIMS NOT TIMELY RAISED IN HER EEOC CHARGE.

The Petition includes numerous allegations and legal theories that Plaintiff failed to raise in the Charge, either by omitting them altogether or failing to seek relief within the prescribed period of time. Under each of the statutes at issue, timely filing a Charge is a condition precedent to suit. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850, 853 (8th Cir. 2012) (Title VII and MHRA); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 921 (8th Cir. 2018) (ADA and ADEA). Further, failing to exhaust an MHRA claim not only bars suit, but deprives the court of subject matter jurisdiction over the claim. Mo. Ann. Stat. § 213.075.1 (West). "[D]ismissal under Rule 12(b)(6) is appropriate if the plaintiff's EEOC charge shows that the plaintiff has not exhausted a claim." *Jackson v. Minn. Dep't of Hum. Servs.*, No. 20-CV-749 (ECT/TNL), 2021 WL 1111075, at *6 (D. Minn. Mar. 23, 2021) (collecting Eighth Circuit cases). The same is true for Plaintiff's MHRA claims. *See Lampley v. Mo. Comm'n on Hum. Rts.*, 570 S.W.3d 16, 22 (Mo. 2019) (en banc) (explaining interpretation of the MHRA is also guided by federal employment discrimination case law where consistent with Missouri law).

Accordingly, Plaintiff's allegations may not exceed the scope of her underlying Charge. Claims are cognizable only if they are "like or reasonably related to" the administrative charges that were timely brought. *Jones v. City of St. Louis*, 825 F.3d 476, 482 (8th Cir. 2016) (quoting

---

[5] While district courts within the Eighth Circuit have dismissed complaints on the basis of improper "shotgun" or "kitchen-sink" pleading, Defendants are not aware of any binding Circuit or Supreme Court precedents addressing these doctrines.

*Wedow v. City of Kansas City*, 442 F.3d 661, 672-73 (8th Cir. 2006)). In other words, Plaintiff's suit is cabined to claims that could reasonably be "expected to grow out of" the EEOC's investigation into her Charge. *Wedow*, 442 F.3d at 672-73 (quoting *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011)); *see also Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (quoting *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009)) (applying the same standard in the MHRA context). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Wright v. C.K.S. Packaging, Inc.*, No. 23-CV-00130-SRB, 2023 WL 2935009, at *2 (W.D. Mo. Apr. 13, 2023) (Bough, J.) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994)).

Sensitive to these considerations, the Supreme Court and the Eighth Circuit have "considerably narrowed" the types of claims that may be considered "like or reasonably related to" one another. *Richter*, 686 F.3d at 851 (quoting *Wedow*, 442 F.3d at 672-73). "Each incident of discrimination and each retaliatory adverse employment decision" is separately actionable, and a "complainant must file a charge with respect to each alleged" discrete act. *Richter*, 686 F.3d at 851 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114(2002)).

Further, even claims raised in the Charge are not actionable if the applicable statutory deadlines expired before it was filed. Plaintiff had 300 days after each alleged unlawful employment practice to file a Charge to preserve her federal claims, and only 180 days for her claims under the MHRA. 42 U.S.C. 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29

U.S.C. § 626(d)(1)(A) (ADEA); Mo. Ann. Stat. § 213.075.1 (West) (MHRA). Plaintiff alleges she filed her original Charge "in or about December 2021," Pet. ¶ 24; *see also id.* ¶¶ 61-63; allowing Plaintiff a favorable inference of a December 1 filing date, Plaintiff's Charge was timely only with respect to alleged unlawful employment practices occurring after February 4, 2021 for purposes of her federal claims, and after June 4, 2021 for her MHRA claims.

### A. Plaintiff Failed to Exhaust Her Administrative Remedies for Her Claims of Race Discrimination, Hostile Work Environment, and Retaliation.

In the Charge's "DISCRIMINATION BASED ON" box, Plaintiff only listed age and disability, and the narrative section centers on disability-related allegations, with one brief reference to Plaintiff's age. *See* Dkt. 1-1 at 20. The Charge makes no reference whatsoever to Plaintiff's race, retaliation, or any conduct that would amount to a hostile work environment. *See Reed v. St. Louis Pub. Sch. Bd. of Educ.*, No. 4:23-CV-01039-SPM, 2024 WL 165895, at *3 (E.D. Mo. Jan. 16, 2024) ("To determine what federal claims a plaintiff exhausted, the Court looks to the boxes that were checked on the EEOC charge and the narrative description of the allegations in the EEOC charge." (citation omitted (citing *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011)))). Nor are these claims "like or reasonably related to" the age and disability discrimination claims Plaintiff did assert. *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) ("[I]t is well established that retaliation claims are not reasonably related to underlying discrimination claims." (quoting *Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688–89 (8th Cir. 1998))); *see, e.g.*, *Reed*, 2024 WL 165895, at *3 (dismissing claims of race and sex discrimination as not  like or reasonably related to disability claim); *Nwinee v. St. Louis Dev. Disabilities Treatment Ctrs.*, No. 4:18 CV 1460 (JMB), 2021 WL 65046, at *4 (E.D. Mo. Jan. 7,

2021) (finding hostile work environment claim unlike discrimination allegations), *aff'd sub nom. Nwinee v. Bellefontaine Habilitation Ctr.*, 857 F. App'x 890 (8th Cir. 2021).

Because Plaintiff did not assert race discrimination, hostile work environment, or retaliation claims in the Charge, and such claims are not reasonably related to her age and disability discrimination claims, Plaintiff waived her right to assert the claims now. Thus, dismissal of these claims with prejudice is appropriate. *See Mayes v. Reuter*, No. 4:17 CV 2905 CDP, 2018 WL 2267905, at *6 (E.D. Mo. May 17, 2018) (explaining "[e]ntirely new allegations that appear for the first time" in a complaint "should be dismissed . . . if the EEOC charge did not provide notice that they would be raised" (citing *Richter*, 686 F.3d at 850-53)).

### B. Plaintiff Failed to Exhaust Claims Based on Her Alleged Discontinuation of Benefits and Her Termination.

Similarly, the Court should dismiss claims that rely on purported discriminatory or retaliatory conduct not raised in the Charge. Here, the Charge alleged only that between February and September 2021, Plaintiff was denied reasonable accommodations, including job transfer opportunities, and was issued a warning about her attendance. *See* Dkt. 1-1 at 20. The Petition mentions additional incidents, such as the alleged discontinuation of Plaintiff's health insurance in December 2021 and her March 2022 termination, which appear nowhere in the Charge. *See Jackson v. Hennepin Healthcare Sys., Inc.*, No. CV 23-2296 (PAM/DTS), 2024 WL 841271, at *4 (D. Minn. Feb. 28, 2024) (dismissing plaintiff's claims arising from termination because "termination is a discrete event" and her "failure to include in her charge the time period encompassing her termination means that any claim that her termination was discriminatory or retaliatory is barred" (citing *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009); *Moses*, 894 F.3d at 921 (affirming dismissal based on plaintiff's failure to amend or file new charge alleging later occurring termination-related violations))).

9

Plaintiff filed the original Charge *after* she alleges her health insurance was discontinued, and she elected not to raise it then or when she amended the Charge months later in July 2022. Plaintiff also chose not to challenge her termination in the amended Charge. Further, these allegations are not "like or reasonably related to" the allegations she did include in the Charge. *See Parisi v. Boeing Co.*, 400 F.3d 583, 586 (8th Cir. 2005) (holding claims of discriminatory refusal to rehire were "not like or reasonably related to the claims in" plaintiff's charge because he "could have identified, either in his original administrative charge or by amendment, each refusal to rehire that he contends was based upon unlawful age discrimination," and "it is not reasonable to expect the EEOC to look for and investigate such adverse employment actions if they are nowhere mentioned in the administrative charge"); *see also, e.g.*, *Walker v. Concordia Cap.*, No. 1:18-CV-00703, 2019 WL 1410363, at *9 (W.D. La. Feb. 27, 2019) (dismissing claim of discriminatory cancellation of health insurance where charge asserted only failure to promote and unequal compensation claims), *R. & R. adopted*, No. 1:18-CV-00703, 2019 WL 1388787 (W.D. La. Mar. 27, 2019), *aff'd*, 782 F. App'x 355 (5th Cir. 2019). Plaintiff therefore is barred from asserting these theories now, and her claims predicated on these alleged events should be dismissed with prejudice.

### C. Plaintiff's Failure-to-Accommodate Claim Is Unsupported by Any Properly Exhausted Allegations.

To state a prima facie failure-to-accommodate claim under the ADA,[6] Plaintiff must plausibly allege: (1) her employer knew about her disability; (2) she requested accommodations or assistance for her disability; (3) her employer did not make a good faith effort to assist her in seeking accommodations; and (4) she could have been reasonably accommodated but for that lack of good faith. *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 902 (8th Cir. 2009).

---

[6] Failure to accommodate is not independently actionable under the MHRA. *Boston*, 2021 WL 5513997, at *3 (citing *Garrison v. Dolgencorp, LLC*, 939 F.3d 937, 942 n.1 (8th Cir. 2019)).

Denial of an accommodation request is a discrete act, meaning each denial is independently actionable and requires administrative exhaustion. *See Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1059 (8th Cir. 2016). The Petition fails to allege any denial of an accommodation that is both timely—occurring after February 4, 2021—and within the scope of Plaintiff's Charge—occurring between February and September 18, 2021. To the contrary, Plaintiff alleges only one accommodation request during that period, which was granted. *See* Pet. ¶ 56 (approval of intermittent leave from July 24, 2021 to January 23, 2022). To the extent Plaintiff relies on her allegation she was denied a job transfer sometime prior to January 25, 2021, *see id.* ¶¶ 46-50, such claim is time-barred. To the extent her claim relies on her termination, *see id.* ¶¶ 68-70, Plaintiff failed to exhaust her administrative remedies as to such a claim. *See supra* Part II.B. Because Plaintiff has failed to allege facts supporting any actionable denial of an accommodation, her failure-to-accommodate claim should therefore be dismissed.

## III. PLAINTIFF FAILS TO PLAUSIBLY STATE A CLAIM FOR DISCRIMINATION BASED ON AGE OR DISABILITY.

Plaintiff also purports to assert claims for age and disability discrimination under Title VII, the ADEA, the ADA, and the MHRA. As a preliminary matter, Title VII does not provide a cause of action for age or disability-related claims. Title VII protects against discrimination in employment only on the basis of "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1). Therefore, Plaintiff cannot sustain claims for age or disability discrimination under Title VII, and they should be dismissed. *See Abney v. Missouri*, No. 05-04279-CV-C-NKL, 2006 WL 2708673, at *5 (W.D. Mo. Sept. 20, 2006) (Laughrey, J.) (dismissing age discrimination claims as "not actionable under Title VII"); *Madearis v. Sandberg, Phoenix & Von Gontard, P.C.,* No. 4:19-CV-00865-DGK, 2020 WL 13682446, at *3 n.4 (W.D. Mo. Mar.

18, 2020) (Kays, J.) ("Title VII does not apply to disability-discrimination claims." (citing *Loos v. Napolitano*, 665 F. Supp. 2d 1054, 1057 (D. Neb. 2009))).[7]

Plaintiff's remaining ADEA, ADA, and MHRA age and disability discrimination claims require her to plausibly allege she suffered an adverse employment action because of those protected traits. *See Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010) (ADEA); *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012) (ADA); *Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 737 (8th Cir. 2023) (MHRA age discrimination); *Boston*, 2021 WL 5513997, at *3 (quoting *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1019 (8th Cir. 2019) (citation omitted)) (MHRA disability discrimination). But Plaintiff has not alleged any properly exhausted adverse employment action, let alone any more than conclusory assertions to suggest such action was taken because of a protected status.[8]

An adverse employment action for purposes of an employment discrimination claim is "a tangible change in working conditions that produces a material employment disadvantage," such as "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects." *Jones*, 825 F.3d at 480 (quoting *Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804-05 (8th Cir. 2013)); *see also Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1107 (8th Cir. 2016) (analyzing adverse actions under the same standard for Title VII and MHRA claims). As explained *supra* Part II, Plaintiff may not base her claims on alleged adverse actions that are unexhausted or untimely. Accordingly, the only possible adverse action that is properly before this Court is the allegation that "Olin Winchester attempted to issue

---

[7] Defendants are not aware of Eighth Circuit or Supreme Court precedent specifically stating Title VII does not authorize suits for age or disability discrimination.

[8] For purposes of this Motion only, Defendants do not challenge Plaintiff's status as a qualified individual with a disability within the meaning of the ADA.

Plaintiff a verbal or written warning or in fact did so for missing work" in February 2021. *See* Dkt. 1-1 at 20; Pet ¶ 51.

First, this alleged warning occurred well before 180 days prior to the original Charge filing date, rendering Plaintiff's state-law discrimination claims premised in the warning time-barred. Plaintiff's federal claims fare no better—a mere warning, "unaccompanied by a material change in status or benefits, [is] insufficient to constitute an adverse employment action." *Mathews v. Wal-Mart Assocs., Inc.*, No. 2:20-CV-04033-NKL, 2020 WL 2332141, at *4 (W.D. Mo. May 11, 2020) (Laughrey, J.) (collecting Eighth Circuit cases) (granting motion to dismiss based on absence of material adverse consequences stemming from "negative evaluations or discipline"). Whether the warning was actually issued or only threatened, Plaintiff has not even hinted that any terms of her employment changed as a result. The Petition therefore fails to state any adverse employment action on which Plaintiff can base a viable age or disability discrimination claim.

But even if Plaintiff had alleged an adverse employment action, her vague allegations about "younger, non-disabled, and/or white co-workers" do not plausibly connect any adverse action to her age or disability. *See* Pet. ¶¶ 71-72. To permit an inference of discrimination based on preferable treatment of younger or non-disabled employees, the comparators must be "similarly situated in all relevant respects," meaning they "dealt with the same supervisor, [were] subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Meinen v. Bi-State Dev. Agency*, No. 4:22-CV-00620-JAR, 2023 WL 156857, at *4 (E.D. Mo. Jan. 11, 2023) (quoting *Evance v. Trumann Health Servs., LLC*, 719 F.3d 673, 678 (8th Cir. 2013); *Harvey v. Anheuser–Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994)) (dismissing claim for failure to state sufficient facts).

Plaintiff's failure to identify the co-workers she references, or even assert any similarities in their roles, makes it impossible to infer they were similarly situated. *See, e.g.*, *Kelley v. Iowa State Univ. of Sci. & Tech.*, 311 F. Supp. 3d 1051, 1072 (S.D. Iowa 2018) (citing *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013)) (dismissing complaint that alleged only "male and white colleagues" as comparators); *see also, e.g.*, *Boston*, 2021 WL 5513997, at *3 (finding plaintiff failed to state discrimination claim where she did not "identify those co-workers" she alleged received favorable treatment nor explain concrete differences in their treatment). Plaintiff's assertion these anonymous co-workers "were not issued written disciplinary action or terminated" for "comparable reasons" or "the same or similar" performance issues merely couches her legal conclusion as fact. Courts in this Circuit have criticized even more specific pleadings as "extremely generic" and "naked assertions that do not meet applicable pleading requirements." *Fromm v. Delta Air Lines, Inc.*, No. 18-CV-3197 (MJD/SER), 2019 WL 4889924, at *8 (D. Minn. Aug. 26, 2019) (quoting *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000)), *R. & R. adopted*, No. 18-CV-3197 (MJD/SER), 2019 WL 4889145 (D. Minn. Oct. 3, 2019). Plaintiff's conclusory allegations of age and disability discrimination similarly warrant dismissal with prejudice.

## IV.     GRANTING LEAVE TO AMEND WOULD BE FUTILE.

While Federal Rule of Civil Procedure 15(a)(2) provides leave to amend should be given freely, a court may nevertheless deny leave when amendment would be futile. *Williams*, 21 F.3d at 225 ("[I]f the proposed change . . . advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1487, at 637 (1991))). Here, all but Plaintiff's federal age and disability discrimination claims suffer from the same incurable defect: Plaintiff's failure to properly exhaust her administrative remedies. *See Nedeltchev v. Sheraton St. Louis City Ctr.*

*Hotel & Suites*, 335 F. App'x 656, 657 (8th Cir. 2009) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)) (affirming denial of leave to amend as to untimely Title VII claim); *see also, e.g.*, *Willis v. McDonough*, No. 4:21-CV-01029-AGF, 2023 WL 2891180, at *2 (E.D. Mo. Apr. 11, 2023) (denying leave to amend because plaintiff failed to exhaust administrative remedies as to the proposed claims). As Plaintiff's employment with Olin Winchester ended more than two years ago, her window to bring her claims correctly has long since passed. Further, Plaintiff will not be able to plausibly allege any materially adverse effect of the lone attendance warning that is properly before this Court; by her own account in the Petition, she remained employed for over a year thereafter, and her Charge does not remotely suggest the possibly-issued warning caused any changes to her pay or career opportunities. The Court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request this Court dismiss the Petition in its entirety with prejudice.

Dated: March 22, 2024          Respectfully submitted,

*/s/ Stephanie L. Sweitzer*

Beth Herrington (MO Bar No. 48975)
Stephanie L. Sweitzer (admitted *pro hac vice*)
Hannah Fisher (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: 312.324.1000
F: 312.324.1001
beth.herrington@morganlewis.com
stephanie.sweitzer@morganlewis.com
hannah.fisher@morganlewis.com

Anna Perocchi (*pro hac vice* anticipated)
MORGAN, LEWIS & BOCKIUS LLP

One Federal Street, Floor 16
Boston, MA 02110
T: 617.341.7700
F: 617.341.7701
anna.perocchi@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I caused the foregoing document to be filed via the Court's ECF system, which caused electronic notification upon all parties of record.

/s/ Stephanie L. Sweitzer
Stephanie L. Sweitzer