# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JUANITA JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:24-cv-00098-DGK |
| OLIN WINCHESTER, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This case arises from an employment dispute. Plaintiff Juanita Jones alleges Olin Winchester, LLC, Olin Corporation, and Winchester Ammunition, Inc. (collectively, "Defendants") subjected her to race, age, and disability discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Missouri Human Rights Act ("MHRA").

Now before the Court is Defendants' motion to dismiss. For the following reasons, the motion is GRANTED.

### Background[1]

At some point in 2010 and 2011, Plaintiff was diagnosed with diabetes, suffered a heart attack, and developed several heart-related medical conditions.

In December 2015, Plaintiff became employed as an inspector at an ammunition factory. Since that time, ownership of the factory has changed between ATK, ATK Orbital, Northrop Grumman, and Olin Winchester.

---

[1] As with any motion to dismiss, the Court "accept[s] as true all of the complaint's factual allegations and view[s] them in the light most favorable to the Plaintiff[]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

After acquiring the factory in October 2020, Olin Winchester placed Plaintiff in a position that required frequent heavy lifting. Prior to this, Plaintiff was not required to do any heavy lifting. After being placed in her new position, Plaintiff was issued a lifting restriction of a certain weight. Based on Plaintiff's complaint, it is unclear who issued the lifting restriction. In her opposition brief, however, Plaintiff states the restriction was issued by her doctor.

Plaintiff requested to be moved to a position that complied with her lifting restriction. Plaintiff alleges Olin Winchester did not provided this reasonable accommodation, and, as a result she began suffering chest pains and requested intermittent leave. Olin Winchester approved Plaintiff for intermittent leave from January 25, 2021, to July 24, 2021. Plaintiff took intermittent leave during that time.

In February 2021, Olin Winchester issued Plaintiff a warning for missing work. Plaintiff believed her absences were covered by her approved intermittent leave.

A few months later, in April 2021, Olin Winchester removed Plaintiff's lifting restriction and transferred her to a position that did not require lifting. At some point after this, Olin Winchester approved Plaintiff for a second round of intermittent leave from July 24, 2021, to January 23, 2022.

On September 18, 2021, Olin Winchester issued Plaintiff a final warning for allegedly not being at her workstation on time.

A few days later, on September 24, 2021, Plaintiff suffered an accident outside of work and was subsequently diagnosed with neuropathy in her feet. Plaintiff immediately took a leave of absence from work due to these injuries.

Plaintiff's health insurance was discontinued in December 2021.

At some point in December 2021, Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"). Plaintiff's administrative charge stated she was (1) denied a reasonable accommodation for her disability, (2) written up for attendance issues, (3) denied opportunities to move to other jobs within the company, and (4) denied a reasonable accommodation unless she had her lifting restriction removed. Plaintiff's December 2021 administrative charge stated she believed she was discriminated against only because of her age and disability.

In January 2022, Plaintiff was diagnosed with COVID-19 and suffered extended symptoms. As best the Court can tell, this resulted in Plaintiff taking another leave of absence.

Plaintiff's supervisor notified her that she needed to return to work by March 7, 2022. Plaintiff informed her supervisor that she had not been medically cleared to return to work and could not get in to see her doctor until March 20 or 21, 2022.

On March 11, 2022, Olin Winchester terminated Plaintiff's employment.

On July 18, 2022, Plaintiff filed an amended charge with the EEOC and MCHR to update the respondent's name from Lake City Army Ammunition Plant to Olin Winchester. As best the Court can tell, the amendment did not change the underlying claims or narrative from Plaintiff's December 2021 administrative charge.

Plaintiff filed the present case on December 19, 2023, in the Circuit Court of Jackson County, Missouri. Defendants timely removed the case to federal court.

**Standard**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the

3

complaint's factual allegations and view them in the light most favorable to the plaintiff[]." *Stodghill*, 512 F.3d at 476. To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

## Discussion

Plaintiff's complaint asserts four counts against Defendants which collectively allege a plethora of race, age, and disability discrimination claims. Count I is brought under Title VII and alleges claims for race, age, and disability discrimination, hostile work environment, and retaliation. Count II is brought under the ADEA and asserts a claim for age discrimination. Count is brought under the ADA and asserts claims for disability discrimination and failure to accommodate. Count IV is brought under the MHRA and asserts claims for race, age, and disability discrimination, hostile work environment, and retaliation.

Defendants move to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' arguments for dismissal primarily focus on whether Plaintiff administratively exhausted her claims before raising them in federal court. As such, the Court addresses the question of administrative exhaustion and then, as necessary, the merits of Plaintiff's exhausted claims.

### I. Administrative exhaustion.

In general, before filing a discrimination claim an individual must exhaust her administrative remedies with respect to each of the employer's alleged unlawful employment practices. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012); *Moses v.*

*Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 919 (8th Cir. 2018). This requires the individual to provide notice of all claims of discrimination in their initial administrative charge of discrimination. *See Moses*, 894 F.3d at 919. Dismissal is proper when the record indicates this exhaustion requirement has not been met or where the alleged unlawful employment practices are time barred under the applicable statutes of limitation. *See Pointer v. Missouri Dep't of Corr.*, 105 F. App'x 120, 121 (8th Cir. 2004); *Walker-Swinton v. Philander Smith Coll.*, 62 F.4th 435, 440 (8th Cir. 2023).

Defendants argue most of Plaintiff's claims should be dismissed because they have not been administratively exhausted. Defendants' arguments fall into three categories: (1) Plaintiff did not raise her failure to accommodate claim within the required statutory period; (2) Plaintiff did not exhaust her race discrimination, hostile work environment, and retaliation claims; and (3) Plaintiff did not exhaust her termination or alleged discontinuation of health benefits. The Court addresses each in turn.

### a. Plaintiff's failure to accommodate claim was not raised within the required statutory period.

Defendants argue Plaintiff's failure to accommodate claim should be dismissed because she fails to allege the denial of any accommodation within the required statutory period.

As noted above, Plaintiff was required to exhaust her administrative remedies with respect to each alleged unlawful employment practice. *See Richter*, 686 F.3d at 851. Under the applicable statutes of limitation, Plaintiff had 300 days to preserve her federal claims and 180 days to preserve her state law claims for each alleged unlawful employment practice. *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); 29 U.S.C. § 626(d)(1); Mo. Rev. Stat. § 213.075(1). Any alleged unlawful employment practice not raised within those statutory periods is time barred and not

administratively exhausted. *See Walker-Swinton*, 62 F.4th at 440. Thus, the Court must determine the scope of Plaintiff's administrative charge.

Plaintiff's complaint states she filed her administrative charge of discrimination sometime in December 2021. Defendants contend that "allowing Plaintiff a favorable inference of a December 1 filing date, Plaintiff's charge was timely only with respect to alleged unlawful employment practices occurring after February 4, 2021[,] for purposes of her federal claims, and after June 4, 2021[,] for her MHRA claims." Suggestion in Supp. at 8, ECF No. 17. Plaintiff does not respond to Defendants' statutory deadline argument. Plaintiff has waived this argument by failing to respond to it. *See Tarvisium Holdings, LLC v. Dukat, LLC*, No. 19-CV-0086-DGK, 2021 WL 5534688, at *2 (W.D. Mo. Mar. 22, 2021). Accordingly, the Court considers only the alleged unlawful employment practices raised in Plaintiff's administrative charge that occurred after February 4, 2021, for her federal claims, and after June 4, 2021, for her state law claims.

Based on Plaintiff's complaint, she requested an accommodation sometime between October 2020 and January 2021. *See* Compl. ¶¶ 42–50. Plaintiff alleges her requested accommodation was not provided by Olin Winchester, and, as a result, she began experiencing chest pain and requested intermittent leave beginning January 25, 2021. *Id.* ¶¶ 48–50. Accepting these allegations as true, Plaintiff's complaint alleges the denial of an accommodation sometime before January 25, 2021. That is, the alleged unlawful employment practice occurred outside the scope of Plaintiff's administrative charge and is therefore time barred. *See Walker-Swinton*, 62 F.4th at 440; *see also Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1032 (8th Cir. 2005) (noting a failure to accommodate claim "accrue[s] the date on which the adverse employment action is communicated to the employee").

Accordingly, Plaintiff's ADA claim for failure to accommodate is dismissed.

6

Case 4:24-cv-00098-DGK   Document 32   Filed 05/22/24   Page 6 of 12

### b. Plaintiff did not exhaust her race discrimination and hostile work environment claims.

Defendants argue Plaintiff did not administratively exhaust her race discrimination and hostile work environment claims under Title VII or the MHRA because they were not included in her initial or amended administrative charges.

Plaintiff appears to concede Defendants' argument, stating she intends to amend her complaint to "abandon any claims for harassment or a hostile work environment or any claims based on race." *See* Suggestions in Opp'n at 1, ECF No. 26. Beyond this statement, Plaintiff's opposition brief makes no other mention of her race discrimination or hostile work environment claims.[2] Thus, even if Plaintiff has not abandoned these claims, she has waived them by failing to respond. *See Tarvisium Holdings*, 2021 WL 5534688, at *2.

Accordingly, Plaintiff's Title VII and MHRA claims for race discrimination and a hostile work environment are dismissed.

### c. Plaintiff did not exhaust her retaliation claims.

Similarly, Defendants argue Plaintiff did not administratively exhaust her retaliation claims under Title VII or the MHRA because they were not included in her initial or amended administrative charges.

Under both Title VII and the MHRA, retaliation claims must be individually exhausted before being brought in court. *See Richter*, 686 F.3d at 851 (8th Cir. 2012); *Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 254 (Mo. Ct. App. 2012). "The exhaustion requirement may be satisfied if the civil claim grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022)

---

[2] Even if the Court construed Plaintiff's brief to argue her hostile work environment claims are "like or reasonably related" to her age and disability discrimination claims, this argument would fail for the same reason her retaliation claim fails. *See infra* Section I(c).

(citation omitted); *see also Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 594 (Mo. 2013) (en banc) (same).

Plaintiff contends her retaliation claims are reasonably related to her age and disability discrimination claims and therefore exhaustion is not required. But aside from citing the legal rules, Plaintiff does not address how her claims are related. Thus, any argument she may have had has been waived. *See Slayden*, 53 F.4th at 468 ("While Slayden argues that his retaliation claims are like or related to the substance of his EEOC charge, he doesn't address how they are related. We may consider this argument waived."). Further, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Id.* (citation and brackets omitted).

Accordingly, Plaintiff's Title VII and MHRA claims for retaliation are dismissed.

### d. Plaintiff did not exhaust her administrative remedies concerning her termination.

Defendants argue Plaintiff did not administratively exhaust her termination and therefore it cannot be used to support her discrimination claims. As an initial matter, Plaintiff does not respond to this argument and therefore waives any argument she may have had. *See Tarvisium Holdings*, 2021 WL 5534688, at *2.

Even if this were not so, it is well established that "[a] termination is a discrete act . . . [which] occurs—and thus triggers the start of the limitations period—on the day it happens." *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 826 (8th Cir. 2009) (citation omitted). "Each discrete act is a different unlawful employment practice for which a separate charge is required." *Moses*, 894 F.3d at 920 (citation omitted). Plaintiff filed her initial administrative charge in December 2021, months before her termination in March 2022. Plaintiff filed her amended charge in July 2022 and only updated the respondent's name without mentioning her termination.

Accordingly, Plaintiff did not administratively exhaust her termination.

### e. Plaintiff did not exhaust her administrative remedies concerning her alleged discontinuation of benefits.

Similarly, Defendants argue Plaintiff did not administratively exhaust the alleged discontinuation of her health insurance and therefore it cannot be used to support her discrimination claims. Again, Plaintiff does not respond to this argument and therefore waives any argument she may have had. *See Tarvisium Holdings*, 2021 WL 5534688, at *2.

Even if waiver did not apply, the complaint alleges Plaintiff's health insurance was discontinued sometime in December 2021 before she filed her initial administrative charge. Plaintiff's discontinuation of health insurance was not included in her initial or amended administrative charges. Accordingly, Plaintiff did not exhaust her alleged discontinuation of benefits.

To summarize, Plaintiff's claims alleging race discrimination, hostile work environment, failure to accommodate, and retaliation (asserted under Title VII, the ADA, and the MHRA respectively) are dismissed because they were not administratively exhausted. The only claims remaining are Plaintiff's Title VII claims for age and disability discrimination, and her ADEA, ADA, and MHRA claims for age and disability discrimination. The Court addresses these claims below.

## II. Plaintiff fails to state claims for age and disability discrimination under Title VII.

Defendants argue age and disability claims are not actionable under Title VII. Although Plaintiff does not respond to this argument (and so waives it), it is well established that age and disability claims are not actionable under Title VII. *See Carlisle v. St. Charles Sch. Dist.*, 507 F. Supp. 2d 1018, 1028 (E.D. Mo. 2007); *Madearis v. Sandberg, Phoenix & Von Gontard, P.C.*, No. 19-CV-00865-DGK, 2020 WL 13682446, at *3 n.4 (W.D. Mo. Mar. 18, 2020).

Accordingly, Plaintiff's Title VII claims for age and disability discrimination are dismissed.

### III. Plaintiff fails to state claims for age and disability discrimination under the ADEA, ADA, or MHRA.

Defendants argue Plaintiff's claims for age and disability discrimination under the ADEA, ADA, and MHRA should be dismissed because they are not supported by an adverse employment action.

To establish a prima facia case of discrimination under any of these anti-discrimination laws, Plaintiff must show she suffered an adverse employment action because of her protected trait. *See Thomas v. Corwin*, 483 F.3d 516, 528 (8th Cir. 2007) (ADEA); *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018) (ADA); *Eivins v. Missouri Dep't of Corr.*, 636 S.W.3d 155, 166 (Mo. Ct. App. 2021) (MHRA). An adverse employment action requires "a tangible change in working conditions that produces a material employment disadvantage." *Thomas*, 483 F.3d at 528. And each alleged adverse employment action must be administratively exhausted. *See Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (stating the "alleged adverse employment actions are discrete acts that should have been separately presented to the EEOC").

While the complaint alleges four adverse employment actions—termination, discontinuation of health insurance, failure to accommodate, and disciplinary warnings—Defendants argue these allegations are either not properly exhausted or do not constitute adverse employment actions.

As an initial matter, Plaintiff's termination, her alleged discontinuation of health insurance, and Defendants' alleged failure to accommodate her disability are not properly exhausted adverse employment actions. *See supra* Sections I(b), (d)–(e). Thus, they cannot be used to support Plaintiff's discrimination claims.

Plaintiff argues, with respect to her MHRA discrimination claim only, that she pled a continuing violation such that the MHRA's 180-day statutory deadline was tolled resulting in her alleged failure to accommodate claim being properly exhausted. "Under the continuing violation theory, a plaintiff may pursue a claim for an event that occurred prior to the statute of limitations for filing a claim of discrimination if the plaintiff can demonstrate that the event is 'part of an ongoing practice or pattern of discrimination' by the employer." *Plengemeier v. Thermadyne Indus., Inc.*, 409 S.W.3d 395, 401 (Mo. Ct. App. 2013).

Plaintiff's continuing violation argument is unavailing. Plaintiff's complaint alleges only that over roughly an 11-month period (October 2020 through September 2021) Defendants (1) failed to accommodate her disability, and (2) issued two warnings concerning her attendance. It is unclear how these discreet acts represent a "series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." *See id.* Aside from a conclusory allegation in her complaint, *see* Compl. ¶ 73, Plaintiff's provides no argument and cites no cases showing these types of allegations over an extended period of time are sufficient to invoke the continuing violation theory. Accordingly, because the continuing violation theory does not apply, Plaintiff's MHRA claim is not supported by a properly exhausted adverse employment action.

The only properly exhausted allegations in Plaintiff's complaint are the two disciplinary warnings she received in February 2021 and September 2021. Defendants argue disciplinary warnings—such as those alleged—do not constitute an adverse employment action when they are unaccompanied by a change in working conditions. Plaintiff does not respond to Defendants' argument, and therefore concedes that the disciplinary warnings were not adverse employment actions. *See Tarvisium Holdings, LLC*, 2021 WL 5534688, at *2. Even if this were not so, Plaintiff's complaint contains no allegations that these warnings resulted in a change in working

11

conditions. *See Mathews v. Wal-Mart Assocs.*, Inc., No. 20-CV-04033-NKL, 2020 WL 2332141, at *4 (W.D. Mo. May 11, 2020) (noting "negative evaluations or discipline, when unaccompanied by a material change in status or benefits, are insufficient to constitute an adverse employment action") (collecting Eighth Circuit cases).

Accordingly, Plaintiff's age and disability discrimination claims under the ADEA, ADA, or MHRA are dismissed.

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. This case is DISMISSED.

**IT IS SO ORDERED.**

Date: May 22, 2024

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT